IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**MICHAEL JONES,**

       **Petitioner,**

v.                                                 **Case No. 1:15-cv-14845**

**WARDEN B. JOHNSON,**[1]

       **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court is a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by Petitioner Michael Jones ("Jones") to which Respondent filed a response requesting that the petition be dismissed. (ECF Nos. 1, 9). This case is assigned to the Honorable David A. Faber, United States District Judge, and was referred to the undersigned United States Magistrate Judge by Standing Order for submission of proposed findings of fact and recommendations for disposition ("PF & R") pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §

---

[1] Petitioner was incarcerated in Federal Correctional Institution-McDowell in Welch, West Virginia when he filed the instant petition, and he correctly named as respondent B. Johnson, the warden at that facility. Since that time, Petitioner was transferred to Federal Correctional Institution-McKean in Lewis Run, Pennsylvania where he is presently in custody. *See* BOP inmate locator at www.bop.gov/inmateloc/. Pursuant to Federal Rule of Civil Procedure 25(d), Warden Zuniga, the warden of the facility in which Petitioner's is in custody should be substituted as respondent in this case. Further, despite the fact that petitioner is no longer in custody in the Southern District of West Virginia, the court retains jurisdiction over this matter. "Jurisdiction is determined at the time an action is filed; subsequent transfers of prisoners outside the jurisdiction in which they filed actions do not defeat personal jurisdiction." *United States v. Edwards*, 27 F.3d 564 (4th Cir. 1994) (citing *Francis v. Rison*, 894 F.2d 353, 354 (9th Cir.1990)).

2241 be **DENIED**, that Respondent's request for dismissal be **GRANTED**, and that this action be **DISMISSED**, with prejudice, and removed from the docket of the Court.

## I. Introduction

The United States Court of Appeals for the Sixth Circuit ("Sixth Circuit") recently summarized the pertinent procedural history in this case:

> Following a jury trial, Jones was convicted of aiding and abetting the possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The district court sentenced him to 240 months of imprisonment. Jones appealed, arguing that the evidence was insufficient to support his conviction because the cocaine at issue was recovered from Lamar Wilson, a passenger in the car he was driving, and his mere proximity to the cocaine did not establish that he knew of its existence. This court rejected this argument and affirmed Jones's conviction and sentence.
>
> Jones then filed a motion to vacate, set aside, or correct his sentence under § 2255, asserting that his trial counsel was ineffective. The district court denied the motion, and this court denied Jones's application for a certificate of appealability. Jones then filed a series of motions for reconsideration or relief from judgment, which the district court denied.
>
> In 2012, Jones moved for permission to file another § 2255 motion based on newly discovered evidence of actual innocence. In support of his motion, Jones submitted a document purporting to be an affidavit from Wilson, stating that Jones had no knowledge of the drugs hidden in Wilson's pants. We denied Jones's motion, reasoning that: (1) the purported affidavit, which was unsigned, did not bear sufficient indicia of reliability to warrant consideration by the district court; and (2) even if Wilson had offered this testimony at trial, a reasonable factfinder could still have found Jones guilty based on other evidence.
>
> Jones has filed another motion for permission to file a second or successive § 2255 motion, this time accompanied by a signed and notarized affidavit from Wilson. We may grant permission to file a second or successive § 2255 motion only upon a prima facie showing that the motion contains: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); *see* 28 U.S.C. § 2244(b)(3).

> Jones has not made the required prima facie showing. Jones offers the same evidence that he offered previously, albeit now in the form of a signed and notarized affidavit. The information in Wilson's affidavit, i.e., that Jones had no knowledge of the drugs that Wilson was carrying, is information that Jones would have known at the time of his trial and his previous § 2255 proceeding. Accordingly, it is not "newly discovered evidence." 28 U.S.C. § 2255(h); *see United States v. Turns*, 198 F.3d 584, 587-88 (6th Cir. 2000) (holding that, when a former co-defendant or other witness who refused to testify at trial later comes forward and offers exculpatory testimony, the evidence is not "newly discovered").
>
> Moreover, for the reasons stated in our previous order, the statements in Wilson's affidavit, when "viewed in light of the evidence as a whole," are not sufficient to clearly and convincingly establish that no reasonable factfinder would have found Jones guilty. 28 U.S.C. § 2255(h)(1). Wilson's assertion that Jones had no knowledge of the cocaine contradicts his postarrest statement implicating Jones, and his recantation of that statement carries little weight. *See Williams v. Coyle*, 260 F.3d 684, 708 (6th Cir. 2001). And, even if Wilson had offered this testimony at trial, a reasonable factfinder could still have found Jones guilty based on other, circumstantial evidence that he did know about the cocaine, including his attempt to resist arrest and his phone call to Lashawnda Ceasar, an apparent associate.
>
> Accordingly, Jones has failed to show that "the entire sum of evidence, new and old, could not allow a reasonable factfinder to find him guilty." *In re Noling*, 651 F.3d 573, 577 (6th Cir. 2011).
>
> For these reasons, we deny Jones's motion for authorization to file a second or successive § 2255 motion.

(ECF No. 9-2 at 2-4).

On November 9, 2015, Jones filed the instant Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1). In his petition, Jones presents an identical argument and affidavit as he those presented in his motion for permission to file a second or successive § 2255 motion, which was denied by the Sixth Circuit. He again contends that he is actually innocent of the crimes of which he was convicted and bases his claim upon what he terms "newly discovered evidence," consisting of the signed and notarized affidavit of former co-defendant, Lamar Wilson, stating that Jones had no knowledge of the drugs hidden in Wilson's pants. (*Id.*).

3

The undersigned ordered Respondent to answer Jones's § 2241 petition and Respondent filed a response requesting that the Court dismiss the petition. (ECF Nos. 5 and 9). In support of dismissal, Respondent argues that Jones's § 2241 petition is more properly characterized as a § 2255 motion given that Jones challenges the imposition of his sentence, not its execution. (ECF No. 9 at 4-5). Respondent further asserts that Jones's claims do not fall within the "savings clause" of § 2255 because he does not show that his remedy under § 2255 is inadequate or ineffective. (*Id.* at 5). Although Respondent acknowledges that the Court may construe the petition as a request for permission to file a second or successive § 2255 petition and transfer the matter to the Sixth Circuit, Respondent argues that the action should not be transferred because it is without merit and the Sixth Circuit has already rejected Petitioner's request to file a second or successive § 2255 motion based upon the argument and affidavit presented herein. (*Id.* at 8-13).

## II.  Discussion

Title 28 U.S.C. § 2255 is the exclusive remedy for challenging the validity of a federal judgment and sentence. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). Although § 2241 provides a general grant of habeas corpus authority, the remedy under § 2241 is not additional, alternative, or supplemental to that prescribed under § 2255. To the contrary, "[i]t is only when '§ 2255 proves inadequate or ineffective to test the legality of detention,' that a federal prisoner may pursue habeas relief under § 2241." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citation omitted); *see also In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (stating that in "a limited number of circumstances," § 2255 is inadequate to test the legality of the prisoner's detention, and accordingly, the prisoner may file a habeas petition under § 2241.). When arguing that § 2255 is inadequate or ineffective, a petitioner must rely on the "savings clause" found at 28 U.S.C. § 2255(e).

4

The "savings clause" occasionally allows a § 2241 petition to take the place of a § 2255 motion, but not "merely ... because an individual is procedurally barred from filing a Section 2255 motion," *In re Vial*, 115 F.3d at 1194, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. *Young v. Conley*, 128 F. Supp. 2d 354, 357 (S.D. W. Va. 2001). Rather, the "savings clause" is available to a petitioner only when his § 2241 claim contains all three of the following characteristics: (1) at the time of his conviction, the settled law of the circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. *In re Jones*, 226 F.3d at 333-34; *see also United States v. Surratt*, 797 F.3d 240, 247 (4th Cir. 2015), *rehearing en banc granted* (Dec. 2, 2015) (stating "*Jones* opened a narrow gateway to § 2241 relief for certain prisoners found actually innocent of their offenses of conviction, allowing relief only where the acts for which the defendant was convicted are not a crime."). The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective by satisfying the *Jones* criteria. *See Hood v. United States*, 13 F. App'x 72, 2001 WL 648636, at *1 (4th Cir. 2001); *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *Hayes v. Ziegler*, No. 5:11-cv-00261, 2014 WL 670850 (S.D. W. Va. Feb. 20, 2014), *aff'd*, 573 F. App'x 268 (4th Cir. 2014).

In the instant action, Jones argues that he should be granted habeas relief because he is innocent of the crimes of which he was convicted, as ostensibly proven by "newly discovered evidence." The evidence supplied by Jones is an affidavit signed by Lamar Wilson, Petitioner's former co-defendant, stating that Petitioner had no knowledge of the narcotics that Wilson was carrying in his pants. Clearly, Petitioner is challenging the

5

validity of his conviction and sentence. Therefore, his claims must be brought pursuant to 28 U.S.C. § 2255 unless he can show by way of the savings clause that the remedy under § 2255 is inadequate or ineffective. Jones makes no such showing. As referenced above, Petitioner's remedy under § 2255 is not inadequate or ineffective simply because his previous § 2255 motion and his requests to file a second or successive § 2255 motion were denied. *See In re Jones*, 226 F.3d at 333; *Rumler v. Hemingway*, 171 F. Supp. 2d 705, 708 (E.D. Mich. 2001) ("The remedy afforded under § 2255 is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because petitioner has been procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate sentence."); *Blanchard v. Dovey*, No. CV PJM-16-2451, 2016 WL 3632617, at *3 (D. Md. July 6, 2016).

Furthermore, although he argues that he is actually innocent of the crimes that led to his incarceration, he does not claim that his innocence is due to an intervening change of substantive law. Instead, he contends that he has always been innocent and that the outcome of his trial would have been different had he been able to present Wilson's affidavit to the jury. Accordingly, Jones cannot satisfy the *Jones* criteria, and his claims are not cognizable under § 2241. *See, e.g., Santillana v. Collins*, No. 5:14-CV-12474, 2015 WL 852328, at *4 (S.D.W. Va. Jan. 14, 2015), *report and recommendation adopted,* No. 5:14-CV-12474, 2015 WL 852335 (S.D. W. Va. Feb. 26, 2015) ("*Jones* established that for an actual innocence claim to pass through the savings clause portal, there must be an intervening change in substantive law underlying the charge of conviction.") (citation omitted).

Given that Jones's claims are not properly brought under § 2241, his petition "must either be dismissed or construed as a section 2255 motion." *Pack v. Yusuff*, 218

6

F.3d 448, 452 (5th Cir. 2000). Regardless of which option the Court selects, Jones's petition is at an end in this district. If the Court chooses to dismiss Jones's action, then he will be required to pursue his claim in the United States District Court for the Western District of Tennessee because, unlike § 2241 petitions, which are brought in the district where the petitioner is incarcerated at the time that he files his petition, *see Poole*, 531 F.3d at 264, § 2255 directs the movant to "move the court which imposed the sentence" to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). If the Court chooses to construe the action as a § 2255 motion, then the matter will have to be transferred, as this Court lacks jurisdiction to hear it.

Nevertheless, there seems to be no purpose in construing Jones's petition as a § 2255 motion. Jones previously filed a § 2255 motion and a series of motions for reconsideration or relief from judgment in the sentencing court, which were all denied. Moreover, Jones's lack of a certificate from the Sixth Circuit to file a successive § 2255 motion, as required by § 2255(h) and 28 U.S.C. § 2244(b)(3)(A), eliminates any benefit to be gained from a transfer to the sentencing court. *Harris v. Hogsten*, No. 1:13-11595, 2013 WL 6008496, at *2 (S.D.W.Va. Nov. 13, 2013); *Satcher v. Hogsten*, No. 1:13-0466, 2013 WL 5674856, at *2 (S.D.W.Va. Oct. 17, 2013); *Currence v. Cauley*, 1:11-0088, 2013 WL 5658345, at *3 (S.D.W.Va. Oct. 15, 2013); *Ellis v. Berkebile*, No. 5:10-cv-00191, 2011 WL 2680724, at *4 (S.D.W.Va. July 8, 2011); *see also United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.").

Finally, the Court may exercise its authority under 28 U.S.C. § 1631, recharacterize the petition as a motion for pre-filing authorization, and transfer it to the Sixth Circuit for

7

consideration. Title 28 U.S.C. § 1631 provides as follows:

> Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed ... and the action ... shall proceed as if it had been filed in ... the court to which it is transferred on the date upon which it was actually filed in ... the court from which it is transferred.

The Fourth Circuit has declined to impose "a blanket policy of mandatory transfer of unauthorized successive petitions to th[e] court for consideration as [pre-filing authorization] motions." *Jones v. Braxton*, 392 F.3d 683, 691 (4th Cir. 2004). On the contrary, district courts retain discretion to determine whether the transfer of an unauthorized successive petition is "in the interest of justice." *Id.* Accordingly, in the Fourth Circuit, a district court may dismiss, rather than transfer, a petition that is frivolous or time-barred. *United States v. McNeill*, 523 F. App'x 979, 984 (4th Cir. 2013) (citing *Phillips v. Seiter*, 173 F.3d 609, 610-11 (7th Cir. 1999) (stating that the transfer of a frivolous, time-barred case is a waste of judicial resources) and *Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1001 (Fed. Cir. 1987) (declining to transfer claims under § 1631 that were frivolous)).

On the other hand, the undersigned notes that the Sixth Circuit—the court to which this case would be transferred—*does* have a blanket policy requiring its district courts to transfer all successive § 2255 motions to the court of appeals so that the court may decide the issue of preauthorization. *United States v. Gastelum-Lara*, 478 F. App'x 303, 305 (6th Cir. 2012); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997); *Berry v. United States*, No. 05-cr-20048, 2014 WL 6668488, at *2 (E.D. Mich. Nov. 24, 2014). In addition, unlike the Fourth Circuit, which does take timeliness into account when deciding whether a successive § 2255 motion should be permitted, the Sixth Circuit does not consider the

8

timeliness of a successive motion at the pre-filing authorization stage. *Compare In re Vassell*, 751 F.3d 267, 270-71 (4th Cir. 2014), *with In re McDonald*, 514 F.3d 539, 543 (6th Cir. 2008). However, the Sixth Circuit's decisions do not control this Court's actions, and any appeal of this Court's order would be controlled by Fourth Circuit precedent.

For a court of appeals to grant a petitioner's request to file a successive § 2255 motion, the motion must contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *see also Winestock,* 340 F.3d at 205.

Having taken "a peek at the merits" of Jones's petition, the undersigned finds that he fails to state a potentially meritorious claim under either prong of § 2255(h). *Phillips*, 173 F.3d at 610. Indeed, the Sixth Circuit has already denied Petitioner's request for permission to file a second or successive § 2255 motion on the basis that (1) the information contained in Wilson's affidavit is not "newly discovered evidence" given that Jones would have known this information at the time of his trial and in his previous § 2255 proceeding and (2) Wilson's statements are not sufficient to clearly and convincingly establish that no reasonable factfinder would have found Jones guilty. With respect to the latter ground, the Sixth Circuit emphasized that the affidavit is a recantation of Wilson's post-arrest statements implicating Jones, and thus carries little weight, and other circumstantial evidence existed at trial that demonstrated Jones's guilt. (ECF No. 9-2 at 3-4) (citing *United States v. Turns*, 198 F.3d 584, 587-88 (6th Cir. 2000) (holding that, when a former co-defendant or other witness who refused to testify at trial later comes

forward and offers exculpatory testimony, the evidence is not "newly discovered") and *Williams v. Coyle*, 260 F.3d 684, 708 (6th Cir. 2001)). Prior rulings by this Court and other district courts within the Fourth Circuit are consistent with the Sixth Circuit's rejection of Jones's motion. *Santillana*, No. 5:14-CV-12474, 2015 WL 852328, at *7 (an affidavit from a co-defendant supporting a new alibi was not "newly discovered evidence" because the information was known to Petitioner at the time of his trial) (collecting cases); *see also United States v. Flynn*, 791 F. Supp. 133, 136–37 (M.D.N.C. 1992) (co-defendants' statements exonerating Defendant was only "newly available," not "newly discovered, as Defendant "surely knew" at the time of his trial that his co-defendants could testify about his non-involvement in the crime and the statements of the convicted and sentenced co-defendants were "inherently suspect" as they had "nothing to lose by now exonerating their friend and co-defendant"); *Spears v. United States*, No. 1:12-CV-1077, 2013 WL 3874542, at *3 (E.D. Va. July 24, 2013) ("This Court and others have dismissed the unsupported and long-delayed affidavits of coconspirators as having weak-to-no probative value in establishing the actual innocence of a defendant seeking to collaterally challenge his conviction.")

Undoubtedly, because the Sixth Circuit has already considered and denied Petitioner's request to file a second or successive § 2255 based upon the precise evidence and arguments presented herein, transfer to the Sixth Circuit would not be "in the interest of justice." Therefore, this case must be dismissed.

### III.     Proposal and Recommendations

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that Jones's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (ECF No. 1),

be **DENIED**; Respondent's request for dismissal, (ECF No. 9), be **GRANTED**; and this action be **DISMISSED,** with prejudice, and removed from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Faber, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner, Michael Everett Jones, Register Number 08641-424, FCI McKean, Federal Correctional Institution, P.O. Box 8000, Bradford, PA 16701, and to Respondent's counsel of record.

**FILED:** February 24, 2017

Cheryl A. Eifert
United States Magistrate Judge